# Michael Roberts and another v. Elizabeth Miller.

*Proceedings to enforce mechanics' liens: Appeal: Record: Stipulations: Evidence: Authentication.* The court decline to hear an appeal from proceedings in the circuit to enforce a mechanic's lien upon lands, in the absence of a proper authentication of what seems to have been returned and treated as the evidence. A stipulation of the solicitors for the respective parties will not cure such a defect: the action of other courts will not be reviewed, and their solemn judgments disturbed, upon records made for them by the respective counsel or attorneys in the cause.

*Proceedings to enforce mechanics' liens: Testimony: Appeal: Record.* The statute (*Laws of 1873, pp. 465-6*) provides in reference to these proceedings that "all testimony taken or used at such hearing shall be reduced to writing; and such testimony, and all affidavits and exhibits, and all orders made in the progress of the proceedings, shall be filed with the register of said court, and, together with the pleadings and the final order and decree, shall constitute the record." The record on an appeal, therefore, should contain a copy of the testimony duly certified by the register as a true copy of the testimony filed in the cause.

*Submitted on briefs October 13. Decided January 12.*

Appeal from Wayne Circuit in proceedings to enforce a mechanic's lien.

*Van Dyke & Brownson*, for petitioners.

*Chipman, Dewey & Hawes*, for respondent.

31 MICH.—10.

CHRISTIANCY, J.

This was a petition under the statute, *Comp. L. 1871,* *ch. 215,* to the Wayne circuit court in chancery to enforce a builder's lien under a contract for erecting and repairing a building in the city of Detroit. No answer was filed to the petition; but, as we infer from the briefs, a trial must have been had upon the merits, and upon evidence given in open court.

The record filed, which is but a printed copy, shows a final decree entered establishing the lien to the amount of one thousand one hundred and thirty-seven dollars and eighty-one cents, and ordering a sale of the premises on which the building was situated. The record also shows an appeal to this court.

There is also printed with the record some seventy-eight pages of what, from the internal evidence it affords, would seem to have been evidence taken in some cause in the circuit court entitled *Henry Glasser et al. v. Elizabeth Miller.* It is headed and commences as follows:

"WAYNE COUNTY CIRCUIT COURT,
                                    *March 26th, 1874.*

"HENRY GLASSER *et al.*
        *v.*
ELIZABETH MILLER.

"Contract offered in evidence by petitioners.

"*Mr. Van Dyke:*—We offer now the certificate of the contractor's lien as recorded in the register of deeds for the county of Wayne. Objected to; objection overruled; exception.

"Henry Glasser sworn;" and then follows what seems to be an examination of witnesses, and the whole ends with the testimony of · a witness. There is no certificate by clerk, register, or judge, or any other officer, that this is the evidence given on the hearing of the case of Michael Roberts and Henry Glasser against Elizabeth Miller, in which the decree was rendered, or that it was ever filed in that cause.

The record, after setting out the petition, an order of the court that Elizabeth Miller appear and answer, three subpœnas for witnesses, with the proof of service of the same, and the decree, contains a certificate of the register in chancery as follows:

"STATE OF MICHIGAN, ⎰ ss.
    *Wayne County,* ⎱

I, Ray Haddock, register of the circuit court for the county of Wayne, in chancery, do hereby certify that the *above* and *foregoing* is a true and correct copy of papers, orders and proceedings, entered in the above entitled cause, by said court, as appears of record in my office; that I have compared the same with the original and it is a true transcript therefrom and of the whole thereof." Then follows the attestation clause, signature and seal. But what is printed afterwards as evidence is not among "*the above and foregoing*" referred to by the certificate. There is, therefore, absolutely nothing authenticating what is printed as evidence, except the stipulation of the solicitors for the respective parties, attached to the printed record.

We cannot, as we have already often decided, review the action or disturb the solemn judgments of other courts, upon records made for them by the respective counsel or attorneys in the cause.

The statute (*Laws of 1873, pp. 465-6*) provides, in reference to these proceedings, that " all testimony, taken or used at such hearing, shall be reduced to writing; and such testimony and all affidavits and exhibits, and all orders made in the progress of the proceedings, shall be filed with the register of said court, and, together with the pleadings and the final order and decree, shall constitute the record of the case." This testimony, therefore, should have been filed, and certified by the register as filed, and as a true copy of the evidence filed in the cause.

The case on appeal is not, therefore, in a condition to be heard. But either party will be at liberty to move for such further authentication of the evidence as may be thought effectual.

It may be proper, also, to suggest, that if the evidence printed had been properly certified, it would still be defective, and might not enable us properly to determine the case, as several exhibits, which, as far as we can judge, would be material, are not printed. Some of the witnesses also seem to have testified from "specifications" before them in court, and these thus referred to are not printed, and might be very material on the hearing upon appeal.

The other Justices concurred.